UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIGUEZ MCCAA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FCI-HERLONG, et al.,<br><br>　　　　　Defendants. | 2:24-cv-1191-CKD P<br><br><br>ORDER |

Plaintiff Cedriguez McCaa, a federal prisoner, proceeds without counsel and requests to proceed in forma pauperis. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). For screening purposes, the complaint states a claim against Dr. Allred under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), based on allegations of deliberate indifference to plaintiff's serious medical needs. No other claims are stated. Plaintiff may proceed on the deliberate indifference claim or plaintiff may file an amended complaint under the guidelines set forth below.

**I.      In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee

1

1 from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be
2 obligated for monthly payments of twenty percent of the preceding month's income credited to
3 plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to
4 the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing
5 fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**III.    Allegations in the Complaint**

The events described in the complaint allegedly occurred at FCI-Herlong. (ECF No. 1 at 2.) Through this suit, plaintiff seek injunctive relief and money damages. (Id. at 10)

Plaintiff had been taking Mirtazipine, 45 mg., medication prescribed for his mental health, since he was in custody of the Bureau of Prisons ("BOP"). (ECF No. 1 at 5.) Upon arrival at FCI-Herlong, Dr. Allred discontinued the medication because plaintiff stated "Oh I'm good…" in response to Dr. Allred's initial question, "Hey, how are you doing" at the start of the appointment. (Id. at 4-5.) Plaintiff has been trying to get back on his medication since then. (Id.) Psychology Services was notified over 50 times since plaintiff's arrival. (Id. at 4.) Chief Dr. Haggard and Dr. Oshiro say it is out of their hands. (Id.)

On March 19, 2024, plaintiff was taken to the hospital after a suicide attempt. (ECF No. 1 at 3.) As several officers carried plaintiff, they cursed and laughed and an unidentified person kicked plaintiff and broke his jaw. (Id.)

Plaintiff was released from the hospital on March 20, 2024, and placed under suicide watch by Dr. Haggard and Dr. Oshiro. (ECF No. 1 at 3.) For seven days, plaintiff drank urine and ate feces (Id. at 4.) Unnamed medical staff ignored his sick-call slips until April of 2024 and no one attempted to treat his broken tooth. (Id.) Plaintiff did not have access to supplies such as

1  paper, envelopes, and stamps. (Id. at 2.) Ms. Fulton denied his request for his medical and mental
2  health records. (Id. at 4.)
3        On March 27, 2024, plaintiff was released back to general population "just to remove
4  [him] from [suicide watch] instead of transferring plaintiff to a mental institution…." (ECF No. 1
5  at 5.) Plaintiff had an episode that night, went back to suicide watch, and then was released to
6  SHU on March 29, 2024, on three incident reports with no due process. (Id. at 6-7.) Plaintiff lost
7  good time credit and suffered other consequences. (Id. at 8.) D. Wilson "added points" to get
8  plaintiff upper custody level. (Id. at 8.)
9        Plaintiff was placed in a different unit team and signatures on plaintiff's paperwork were
10 forged. (ECF No. 1 at 7.) D. Moore and D. Paige did not assist plaintiff with legal supplies. (Id. at
11 8) On March 28, 2024, plaintiff spoke with Mr. Foells to get a safety transfer. (Id. at 9.) Plaintiff
12 stated he would give information about a "staff corrupted member" and plaintiff's transfer was
13 initiated. (Id.)

### IV. Screening under § 1915A(a)

15       The complaint includes the label "1983 claim." (ECF No. 1 at 3.) However, any remedy
16 for plaintiff's allegations would be under Bivens, which allows a suit against a federal officer in
17 his or her individual capacity for damages for violating a plaintiff's constitutional rights. See 403
18 U.S. at 397.[1] The Supreme Court has recognized a Bivens claim in only three contexts: (1) a
19 Fourth Amendment claim based on a warrantless search in Bivens, 403 U.S. at 396-97; (2) a Fifth
20 Amendment Due Process Clause claim against a Congressman for employment gender
21 discrimination in Davis v. Passman, 442 U.S. 228, 248-49 (1979); and (3) an Eighth Amendment
22 claim for failure to provide adequate medical care to a federal prisoner in Carlson v. Green, 446
23 U.S. 14, 19 (1980). Ziglar v. Abbasi, 582 U.S. 120, 140 (2017). The Supreme Court has made
24 clear that expanding the Bivens remedy further is disfavored. Id. at 135.
25 ////

---

[1] "Actions under [42 U.S.C.] § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

3

To determine whether a Bivens claim is permitted, courts apply a two-step test. Egbert v. Boule, 596 U.S. 482, 492 (2022). First, the court determines "whether the case presents a new Bivens context, -- i.e., is it meaningfully different from the three cases in which the [Supreme] Court has implied a damages action." Id. at 492. Second, if a claim arises in a new context, no remedy under Bivens is available if there are "special factors counselling hesitation in the absence of affirmative action by Congress." Hernandez v. Mesa, 582 U.S. 548, 553 (2017) (internal quotation marks and citation omitted).

Liberally construing the complaint, plaintiff states an Eighth Amendment claim against Dr. Allred. A mere difference of opinion between plaintiff and doctor about the proper course of treatment is not deliberate indifference. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). However, the allegations allow an inference that Dr. Allred acted with deliberate indifference to plaintiff's serious medical needs in discontinuing plaintiff's mental health medication for the reason plaintiff alleges in the complaint. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth Amendment rights where the individual responsible was deliberately indifferent); Stanard v. Dy, 88 F.4th 811, 818 (9th Cir. 2023) (inmate's Eighth Amendment claim for deliberate indifference to a serious medical need stated a Bivens claim).

Plaintiff does not state an Eighth Amendment deliberate indifference claim against any other defendant, as the complaint lacks any causal link between their alleged actions or omissions and the alleged deprivation. See Monell v. Dep't of Soc. Services, 436 U.S. 658, 691-92 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them"). Vague and conclusory allegations of official participation in civil rights violations do not suffice. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976).

Aside from the alleged deliberate indifference, the complaint does not state any other claims. Plaintiff's other allegations would present claims arising in new and different contexts

from those already identified in Bivens, 403 U.S. at 396-97, Carlson, 446 U.S. at 19, and Davis, 442 U.S. at 248-49. Allowing claims to proceed on plaintiff's allegations of excessive force, procedural due process violations, and/or denial of access to the courts based on lack of supplies would create new contexts of Bivens claims. See Chambers v. C. Herrera, 78 F.4th 1100, 1107 (9th Cir. 2023); Vega v. United States, 881 F.3d 1146, 1153 (9th Cir. 2018).

Moreover, "special factors" counsel against extending Bivens to new contexts on plaintiff's allegations of excessive force, procedural due process violations, and/or denial of access to the courts. See Vega, 881 F.3d at 1154. In particular, the existence of alternative remedial structures, including the BOP's administrative grievance process, foreclose those claims. See Egbert, 596 U.S. at 493. Accordingly, this court should not expand the Bivens remedy. See Minneci v. Pollard, 565 U.S. 118, 129 (2012).

### V.   Leave to Amend

The only claim stated is an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Allred. Because it is not clear whether plaintiff could allege additional facts to state an Eighth Amendment deliberate indifference claim against another defendant, plaintiff is granted leave to amend.

Plaintiff must complete and return to the court the attached notice along with any optional amended complaint. This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). The amended complaint should be titled "First Amended Complaint" and should reference the case number.

Plaintiff is not required to file an amended complaint and may instead choose to proceed with service of process on the claim against Dr. Allred. If plaintiff elects to proceed on the claim against Dr. Allred, the court will send plaintiff the necessary forms for the complaint to be served.

### VI.   Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

Your allegations against Dr. Allred state a claim. You cannot proceed against any other defendant(s) because you have not alleged facts that they were deliberately indifferent to your serious medical needs. In addition, the types of claims that can be brought under <u>Bivens</u> are limited. Your other allegations about your conditions of confinement do not state a claim. You must complete the attached notice and return it to the court within 30 days from the date of this order, along with any amended complaint, if you choose to file an amended complaint.

### VII. Conclusion

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF Nos. 7, 9) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

3. Plaintiff's complaint states an Eighth Amendment deliberate indifference claim against Dr. Allred; plaintiff may proceed on this claim or file an amended complaint.

4. Within thirty (30) days of the date of this order plaintiff shall complete and return the attached Notice of Election form along with any optional amended complaint.

5. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: February 7, 2025

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, mcca1191scrn.elect

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CEDRIGUEZ MCCAA,

    Plaintiff,

  v.

FCI-HERLONG, et al.,

    Defendants

2:24-cv-1191-CKD P

NOTICE OF ELECTION

**Check only one option:**

_____ Plaintiff wants to proceed on the complaint as screened with an Eighth Amendment deliberate indifference claim against Dr. Allred.

_____ Plaintiff wants to amend the complaint.

DATED:_____    _____
                                                                                   Plaintiff