UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIGUEZ MCCAA,<br><br>Plaintiff,<br><br>v.<br><br>FCI-HERLONG, et al.,<br><br>Defendants. | No. 2:24-cv-1191-CKD P<br><br><br>ORDER AND<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a federal prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. On February 7, 2025, the court screened plaintiff's original complaint filed in this action and determined for screening purposes that the complaint stated a deliberate indifference claim against one defendant and no other claims. (ECF No. 13.) Plaintiff was ordered to notify the court whether plaintiff elected to proceed on the complaint as screened or file an amended complaint. (Id. at 5-7.) Plaintiff was specifically cautioned that failure to respond to that order would result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute. (Id. at 6.) The time granted has expired, and plaintiff has not complied with the order or otherwise responded to the court.

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a

party's failure to prosecute an action, obey a court order, or comply with local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the court considers several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

The court has considered the five factors set forth above. The first two factors strongly support dismissal of this action. Plaintiff's failure to comply with the court's February 7, 2025 order suggests plaintiff has abandoned this action and does not intend to pursue it further. The third factor, prejudice to defendant from plaintiff's failure to oppose the motion, slightly favors dismissal. Plaintiff's failure to respond to the court has already caused delay of this action, and a presumption of injury to the defendant arises from unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fifth factor also favors dismissal. The court advised plaintiff of the requirement to respond to the court's order with plaintiff's election on how to proceed in this case, to no avail.

The fourth factor, public policy favoring disposition of cases on their merits, does not weigh in favor of dismissal as a sanction. However, the other factors supporting dismissal outweigh this factor. This action should be dismissed for plaintiff's failure to prosecute.

For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice based on plaintiff's failure to prosecute. See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 8, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, mcca1191.noelct.fr

3